UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM VALERIAN, DIANE VALERIAN,

    Plaintiffs,

v.

    Case No. 2:25-cv-336-KCD-DNF

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

This is an insurance dispute stemming from Hurricane Ian. Plaintiffs William and Diane Valerian submitted a flood claim that Defendant Hartford Fire Insurance Company will not pay. To recover the funds allegedly owed, Plaintiffs sue for breach of contract. (Doc. 1.)[1]

Hartford now moves to dismiss the complaint, arguing that Plaintiffs' case is time-barred because it was not filed "within one year of the denial of all or part of [their] flood claim." (Doc. 19 at 2.)[2] A standard flood insurance policy, as here, "is provided under the terms of the National Flood Insurance Act of 1968 and its Amendments, and Title 44 of the Code of Federal Regulations."

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Doc. 19 is not paginated, so the Court uses the page numbers by its electronic filing system.

*Menster v. Allstate Ins. Co.*, No. 5:19-CV-77-Oc-30PRL, 2020 WL 5534462, at *2 (M.D. Fla. Aug. 5, 2020). These regulations require a claimant to file suit "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. According to Hartford, Plaintiffs' delay strips the Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and precludes Plaintiffs from stating a viable claim under Fed. R. Civ. P. 12(b)(6). These arguments are addressed in turn.

### A. Rule 12(b)(1)

A defendant can challenge the court's subject matter jurisdiction at the pleading stage by moving to dismiss under Rule 12(b)(1). "A motion under Rule 12(b)(1) may either be a facial or factual attack[.]" *Hartford Cas. Ins. Co. v. Gage*, No. 8:22-CV-2205-KKM-MRM, 2023 WL 10083597, at *2 (M.D. Fla. Apr. 28, 2023). Facial attacks require "the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true[.]" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A factual attack, by contrast, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* If the court finds it lacks jurisdiction, it is "without power to enter judgment . . . and must dismiss the case." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1023 (11th Cir. 2021).

A statute of limitations defense, like Hartford presses here, is not typically considered jurisdictional. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). And this matters because attaching the jurisdictional tag to a procedural time bar carries great weight. "Jurisdictional requirements cannot be waived or forfeited, must be raised by courts *sua sponte*, and, as relevant to this case," allows the court to consider extrinsic evidence. *Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 203 (2022). There are, however, exceptions where statutes of limitations are considered jurisdictional. Pertinent here, courts have recognized an exception when the time limit is tied to the government's waiver of sovereign immunity.

"The United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity." *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) "Consequently, if a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period." *Id.* "Therefore, the court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations." *Id.*

Hartford invokes this sovereign immunity exception. Plaintiffs' case concerns an insurance policy placed through the National Flood Insurance Program ("NFIP"). The NFIP is "a federally supervised and guaranteed

insurance program presently administered by the Federal Emergency Management Agency." *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998). The NFIP essentially subsidizes flood insurance, so claims are ultimately paid out of the U.S. Treasury. *See Brusco v. Harleysville Ins. Co.,* No. 14–914, 2014 WL 2916716, at *1 (D.N.J. June 26, 2014). Thus, the argument goes, the one-year limitations period for filing a flood case is more than just a statute of limitations—it is a condition precedent to the United States' waiver of sovereign immunity.

Hartford's argument is not without support. *See, e.g.*, *Apatow v. Am. Bankers Ins. Co. of Fla.*, No. 16-198 MWF (MRWX), 2016 WL 7422288, at *2 (C.D. Cal. Dec. 21, 2016) ("Failure to file suit in federal court within one year of a denial under the NFIP . . . deprives the Court of subject matter jurisdiction over the claims."); *Price v. Fugate*, No. A-15-CV-00185-LY-ML, 2015 WL 3971273, at *2 (W.D. Tex. June 30, 2015) ("A suit filed beyond the one year limitations period is not simply time-barred; the court has no subject matter jurisdiction to consider it."). But the Supreme Court has since revisited its approach to whether a limitations period qualifies as jurisdictional.

In *Wilkins v. United States*, the Court considered whether the Quiet Title Act's twelve-year statute of limitations period is jurisdictional. 598 U.S. 152, 155 (2023). After concluding that Congress did not clearly imbue the time bar with jurisdictional consequences, the majority addressed an argument urged

4

by both the Government and the dissent: that "conditions on waivers of [sovereign] immunity [are] subject-matter jurisdictional." *Id.* at 161. The majority disagreed. "If associating time limits with waivers of sovereign immunity clearly made those limits jurisdictional," the equitable exceptions the Court has recognized (tolling, waiver, and estoppel) "would be just as clearly foreclosed." *Id.* Instead, "the terms of the United States' waiver of sovereign immunity define the extent of the court's jurisdiction," and "a statute of limitations [merely] constitutes a condition on the waiver." *Id.* at 162-63.

*Wilkins* instructs that courts should "not lightly apply" the jurisdictional label "to procedures Congress enacted to keep things running smoothly and efficiently." *Id.* at 158. Instead, they should conduct a "clear statement" test, under which a time bar is jurisdictional only when "traditional tools of statutory construction . . . plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* This approach "leave[s] the ball in Congress' court, ensuring that courts impose harsh jurisdictional consequences only when Congress unmistakably has so instructed." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416-17 (2023).

Following *Wilkins*, it matters not that the one-year limitations period for bringing a flood claim is tied to a waiver of sovereign immunity. The Court must still analyze this time bar under the clear statement test. *See Santos-Zacaria*, 598 U.S. at 416 ("We treat a rule as jurisdictional only if Congress

5

clearly states that it is."). To determine whether Congress has made the requisite clear statement, we examine the text, context, and relevant historical treatment of the provision. Congress need not "incant magic words," but the traditional tools of statutory construction "must plainly show that [it] imbued a procedural bar with jurisdictional consequences." *Wilkins*, 598 U.S. at 158.

The one-year deadline for filing flood claims is found in 42 U.S.C. § 4072:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

*Id.* The provision has no clear jurisdictional reading. In other words, it does not explicitly divest a court of jurisdiction where suit is brought beyond the one-year filing period. The only reference to jurisdiction is the vesting of adjudicative authority in the "district court for the district in which the insured property . . . shall have been situated." *Id.* But no aspect of this jurisdictional clause refers back to the one-year time bar. "A requirement does not become jurisdictional simply because it is placed in a section of a statute that also

contains jurisdictional provisions." *Boechler*, 596 at 199. Nor does "the context of the statute, or its relevant historical treatment, demonstrate an intent to imbue this procedural rule with jurisdictional consequences." *Hawk v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *9 (M.D. Fla. Jan. 29, 2025).

The Supreme Court has provided an example of a statute where the jurisdictional element *is* clear: "[T]he Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1)." *Boechler*, 596 U.S. at 207 (quoting I.R.C. § 6330(e)(1)). That statutory language can only be read one way. Such is not the case with § 4072.

"When faced with a type of statutory requirement that ordinarily is not jurisdictional," like a statute of limitations, "we naturally expect the ordinary case, not an exceptional one." *Santos-Zacaria*, 598 U.S. at 417. Nothing about the limitations period in § 4072 suggests that it is exceptional. Since § 4072 lacks the clear statement necessary to qualify as jurisdictional, the time bar must be treated as a claims-processing rule. It follows that Hartford's jurisdictional argument under Rule 12(b)(1) fails. *See, e.g.*, *Hawk*, 2025 WL 326668, at *9 ("The Court thus concludes that [the plaintiff's] failure to show compliance with Section 4072 does not divest the Court of subject-matter jurisdiction."); *Cholankeril v. Selective Ins. Co. of Am.*, No. CV 15-3269

7

(JBS/KMW), 2016 WL 3769352, at *2 (D.N.J. July 14, 2016) ("[T]he prevailing view in this District reviews challenges under the NFIA's statute of limitations through the lens of Federal Rule of Civil Procedure 12(b)(6).").

### B. Rule 12(b)(6)

Hartford's timeliness argument also fails under Rule 12(b)(6). The problem is procedural. To show that Plaintiffs filed this case outside the one-year window, Hartford relies on a declaration from its claims manager. (*See* Doc. 19 at 15-20.) But the Court cannot consider such extrinsic evidence. "Generally, only the four corners of the complaint may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6)." *Wittenberg v. Judd*, No. 8:17-CV-467-T-26AEP, 2017 WL 1399817, at *3 (M.D. Fla. Apr. 19, 2017). While there are several exceptions to this rule, Hartford fails to show (or even argue) that any apply here. Instead, Hartford simply presents the declaration and declares victory. (*See* Doc. 19 at 10-11.) That dog won't hunt. *See Herman v. Mr. Cooper Grp. Inc.*, No. 2:23-CV-948-JES-KCD, 2024 WL 3277021, at *1 (M.D. Fla. July 2, 2024) ("In our adversarial system, a claimant must present her case. It is not a court's job to conduct research to provide the proper support for [conclusory] arguments.").

As noted, the one-year limitations period on a flood claim begins to run when the notice of denial is sent to the insured. The pleadings do not specify when that happened here, so the Court cannot determine if Plaintiffs' claims

8

are untimely. *See Hinds v. Credigy Receivables, Inc.*, No. 6:07-CV-1081-ORL-28-GJK, 2008 WL 11435771, at *1 (M.D. Fla. Apr. 29, 2008) ("A Rule 12(b)(6) motion to dismiss on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."); *see also AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) ("While a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim . . . when the complaint shows on its face that the limitations period has run, the defect may be raised by motion for summary judgment where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint.").

Hartford has not shown that Plaintiffs filed this case outside the one-year statute of limitations. So the motion to dismiss on such grounds is **DENIED**.

**ORDERED** in Fort Myers, Florida on October 1, 2025.

Kyle C. Dudek
United States District Judge

9